# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

CREUNCLE SUBER, #290333,    )
       )
       )   CIVIL ACTION NO. 3:07-3573-GRA-JRM
       Petitioner,   )
       )
v.       )   **REPORT AND RECOMMENDATION**
       )
       )
WARDEN KERSHAW       )
CORRECTIONAL INSTITUTION, )
       )
       )
       Respondent.   )
_____)

     Petitioner, Creuncle Suber ("Suber"), is an inmate with the South Carolina Department of Corrections, serving a sentence of ten (10) years for resisting arrest with a deadly weapon, fourteen (14) years for assault and battery with intent to kill, and three (3) years for failure to stop, all to run concurrent. On October 31, 2007, Suber filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on March 7, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on March 18, 2008. Suber filed his response to the Respondent's motion on March 25, 2008.

1

## Procedural History

On October 9, 2002 in Greenwood County, Suber gassed up a rental car and left the service station without paying. Lt. Wesley Boland of the Newberry County Sheriffs Department spotted Suber on I-26 and began pursuit. Eventually Suber turned onto a dead end road and was blocked in by Boland. Suber rammed Boland's vehicle, was able to pass, but later wrecked his vehicle. Suber fled on foot and was caught by Boland. After a fight, Boland handcuffed Suber, and he was arrested.

Cliff Scott, Esquire, was appointed to represent Suber. Plea negotiations failed, and Suber made a motion have a different lawyer appointed. The motion was denied at a hearing on January 13, 2003, and the case was set for trial. On January 15, 2003, Suber entered pleas of *nolo contendere* as to assault and battery with intent to kill and resisting arrest with a deadly weapon, and guilty with respect to failure to stop for the blue light. Suber did not file a direct appeal.

Suber filed an application for post-conviction relief ("PCR") on August 18, 2003. (App.49). An evidentiary hearing was held on November 5, 2004. Suber was represented by Charlie J. Johnson, Jr., Esquire. (App. 63). The PCR court entered an order on November 24, 2004 granting Suber's application. (App. 116). The court found that trial counsel was ineffective for failing to advise Suber that had he gone to trial he might have been found guilty of a lesser included offense. (App. 117). The State appealed the decision of the PCR court. In its petition for writ of certiorari, the following issue was raised

> Did the PCR court err in granting relief to the Respondent when plea counsel was not ineffective in failing to advise the Respondent of possible lesser-included offenses, possible defenses, and other possible outcomes and when the Respondent was fully advised of all rights when he freely and voluntarily entered his pleas?

The South Carolina Supreme Court reversed the order of the PCR court holding that Suber's trial counsel was not ineffective for failure to advise him that assault with intent to kill ("AWIK") was

a viable lesser-included offense to the charge of assault and battery with intent to kill ("ABWIK") under the facts and circumstances of the case. *See* <u>Suber v. State</u>, 371 S.C. 554, 640 S.E.2d 884 (2007).  The Remittitur was returned on February 8, 2007. (Res.Mem., Ex.7).

**Grounds for Relief**

In his present petition, Suber asserts that he is entitled to a writ of habeas corpus on the following ground[1]

> The South Carolina Court of Appeals Was in Error Reversing the Trial Court Granting Petitioner Relief In The PCR Proceeding When Trial Counsel Admitted At The Postconviction Relief Hearing That He Never Informed Petitioner Of The Lesser Included Offense Of ABIK (assault and battery with intent to kill) Was AWIK (assault with intent to kill) and Evidence Supported The Lesser Included Offense Constitutes Ineffective Assistance Of Counsel.

**Discussion**

Respondent asserts that the petition should be dismissed because it was not timely filed and, in the alternative, Suber has not shown that the South Carolina Supreme Court misapplied federal constitutional principles.

**1.  Statute of Limitations.**

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.  The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28

---

[1]In his petition, Suber does not state any grounds for relief but refers to "attached sheet and PCR application (App.p. 49-57). *See* <u>Petition</u>, ¶ 12.  The ground stated here appears in the "attached sheet". The PCR application states various other claims, but these other claims were not discussed by the PCR court nor were they presented to the South Carolina Supreme Court for review.  Consequently the ground stated above is the only ground that should be considered by this Court.

3

U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.  Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review.  Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000).  In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction.  Rule 203(b)(2), SCACR.  Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.  Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001).  If a defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court.  Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme

Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999). Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled." Crawley v. Catoe, 258 F.3d at 399. A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply. "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted). "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)." Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a). Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling. Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable

5

to enforce the limitation against the [petitioner]." <u>Harris</u>, 209 F.3d at 330.  Under § 2244(d), the State bears the burden of asserting the statute of limitations.  Petitioner then bears the burden of establishing the doctrine does not apply.  <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2002).  To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.  <u>Rouse v. Lee</u>, 339 F.3d 238 (4th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 905 (2004).  It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling.  <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004).  Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling. <u>Harris</u>, 209 F.3d at 331.

Review of the record shows that Suber's petition is untimely.  Under the above principles Suber's conviction became final on January 25, 2003.  Two hundred and five (205) days of untolled time passed before Suber filed his PCR on August 18, 2003.  The statute of limitations was tolled until February 8, 2007 when the Remittitur was returned following the ruling of the South Carolina Supreme Court reversing the PCR court.  Suber avers that he delivered his petition to the institutional mailroom on October 26, 2007. (Petition, 15).  Thus, another two hundred and sixty (260) days of untolled time lapsed before the petition was filed.  A total of four hundred and sixty-five (465) days of untolled time passed between the date Suber's conviction became final and the date he filed his present petition.

Suber argues that his petition is timely because it was filed within one year after the Supreme Court overruled the PCR court's decision. (Opposition Mem., p. 1).  He is simply wrong. *See* <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000) (statute of limitations begins to run on date conviction

becomes final, not at end of collateral review).

### 2. Ineffective Assistance of Counsel.

Since Suber filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either

unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

<u>Id</u>. at 1519-20.  Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." <u>Id</u>. at 1521.

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty.  A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea.  He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in <u>McMann</u>." <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).  When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the <u>Strickland</u> test.  Under this prong, counsel "has a duty to make  reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Strickland</u>, 466 U.S. at 691. The prejudice prong of the <u>Strickland</u> test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill</u>, 474 U.S. at 59.

The South Carolina Supreme Court reviewed the factual record and discussed the elements of ABWIK and AWIK.  It reversed the PCR court because it found that "plea counsel was not deficient for failing to advise [Suber] of AWIK because [Suber] failed to present any evidence that would have entitled him to a charge for AWIK under these facts." <u>Suber v. State</u>, 371 S.C. at 560.

8

In other words, the South Carolina Supreme Court found that under the facts contained in the record Suber would not have been entitled to a jury instruction for the lesser included offense of AWIK under South Carolina law.

Suber's constitutional claim of ineffective assistance of counsel revolves around a question of state law. The South Carolina Supreme Court found that Suber's argument on state law was without merit. Therefore, Suber was unable to establish that his trial attorney committed error. The undersigned concludes that the reasoning of the South Carolina Supreme Court was not "contrary to" or an "unreasonable application of" <u>Strickland</u> and its progeny.

## **Conclusion**

Based on a review of the record, it is recommended that Respondent's motion be **granted** and the petition **dismissed**, without an evidentiary hearing.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

December  1, 2008

**The parties are referred to the Notice Page attached hereto.**

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).