UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Creuncle Suber, #290333, ) | C/A No.: 3:07-3573-GRA-JRM |
| ) | |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | (Written Opinion) |
| ) | |
| Warden Kershaw Correctional Institute, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., filed on December 1, 2008.

On October 31, 2007, Suber filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was referred to a magistrate pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on March 7, 2008. An order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) was entered on March 18, 2008. Suber filed his response to the Respondent's motion on March 25, 2008. The magistrate now recommends the defendant's motion for summary judgement be granted, and the petition dismissed without an evidentiary hearing.

### Standard of Review

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those

drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).

The objections filed by the prisoner fail to meet this standard. Instead of providing specific objections to the magistrate's Report and Recommendation, the defendant simply restates his argument. Nothing in the petitioner's instant motions can be construed as a specific objection to the magistrate's Report and Recommendation.

After reviewing the magistrate's Report and Recommendation, the petitioner's motion, and the relevant case law, this Court finds that the magistrate applied sound

legal principles to the facts of this case in arriving at his recommendation. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's Motion for Summary Judgment be GRANTED.

IT IS SO ORDERED.

*[signature]*

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 6, 2009

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**